**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

              **Plaintiff,**

              v.

**$16,072.00 in U.S. Currency et al.,**

              **Defendants.**
_____

**1:17-cv-308**
**(GLS/DJS)**

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| HON. GRANT C. JAQUITH | TAMARA THOMSON |
| United States Attorney | Assistant United States Attorney |
| 100 South Clinton Street | |
| P.O. Box 7198 | |
| Syracuse, NY 13261 | |
| | |
| **FOR THE CLAIMANT:** | |
| Joshua G. Stegemann | |
| Pro Se | |
| 20552-052 | |
| FCI - BERLIN | |
| P.O. Box 9000 | |
| Berlin, NH 03570 | |

**Gary L. Sharpe**
**Senior District Judge**

## SUMMARY ORDER

The United States brings this *in rem* civil forfeiture action, pursuant to 28 U.S.C. §§ 1345 and 1355(a), to forfeit and condemn defendant

property, consisting of $16,072, $280,100, and $160,020 in U.S. currency, and a 2008 Ford Expedition, seized in relation to criminal charges against Joshua Stegemann.[1]  (Compl. ¶¶ 2-6, Dkt. No. 1.)  This action follows Stegemann's criminal jury trial after which he was found guilty of various felonies.  (Dkt. No. 150, 1:13-cr-357.)

Pending are Stegemann's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12, for return of property pursuant to Fed. R. Crim. P. 41(g), and for issuance of a subpoena pursuant to Fed. R. Civ. P. 45, (Dkt. No. 10), as well as the government's motion to amend the complaint, (Dkt. No. 20).  Because Stegemann's motion and his opposition to the government's motion revolve around similar arguments, (Dkt. Nos. 10, 21, 27, 29-30), the court considers Stegemann's motion to dismiss in light of the proposed amended complaint.  *See Haag v. MVP Health Care*, 866 F. Supp. 2d 137, 140 (N.D.N.Y. 2012).

In sum, Stegemann argues that the government's proposed amendments are futile because they commenced this civil forfeiture

---

[1] Although Stegemann is *pro se*, he is familiar with proceedings in federal court involving forfeiture.  At various stages throughout the related criminal action and in his papers filed in the instant action, he has demonstrated competency in both the subject matter of this litigation as well as in following local and federal rules.  As such, although it does not affect the court's judgment at this stage, the court notes that Stegemann has proven to be sufficiently experienced in this context as to justify affording him only minimal solicitude as a *pro se* litigant going forward.  *See Tracy v. Freshwater*, 623 F.3d 90, 103 (2d Cir. 2010).

2

proceeding in bad faith, in violation of the requirements of 18 U.S.C. § 983, beyond the applicable statute of limitations period, without subject matter jurisdiction, and in the improper venue.  (Dkt. No. 10 at 1-4; Dkt. No. 21 at 1-4.)  Additionally, Stegemann makes a variety of other arguments regarding issues that are without merit or outside the court's purview at this stage of the proceedings.  (Dkt. No. 10 at 16-24; Dkt. No. 21 at 5-8.)

Here, the defendant property was originally seized pursuant to two state search warrants based on probable cause to believe that the currency represented proceeds of drug trafficking and the car was facilitating property.  (*See generally* Compl.; Dkt. No. 27 at 1-2, 9; Attachs. 1-2.)  Within sixty days of seizing the defendant property, the seizing agency commenced administrative forfeiture proceedings and provided notice of its intent to forfeit the property.  (Dkt. No. 27 at 2, 9); *see* 18 U.S.C. § 983(a)(1)(A)(i).  The seizing agency received Stegemann's proper claims to the property on September 3, 2013.  (Dkt. No. 27, Attach. 3 at 2, 50); *see* 18 U.S.C. § 983(a)(2).

> Under § 983(a)(3)(B), the government
>
> must meet two statutory requirements within [ninety] days of a claim being filed to avoid having to return the property: "[I] obtain a criminal indictment containing an allegation that the

3

property is subject to forfeiture; and [II] take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute."

*United States v. Kramer*, No. 1:06-cr-200, 2006 WL 3545026, at *3 (E.D.N.Y. Dec. 8, 2006) (quoting 18 U.S.C. § 983(a)(3)(B)).  On September 18, 2013—within the ninety-day window—the government met the condition of § 983(a)(3)(B)(ii)(I) when it indicted Stegemann, charging him with various felonies and alleging that the property was subject to forfeiture pursuant to 21 U.S.C. § 853.  (Dkt. No. 27 at 9; Dkt. No. 10, 1:13-cr-357); see STEFAN D. CASSELLA, ASSET FORFEITURE LAW IN THE UNITED STATES §7-4 (2d ed. 2013) ("Once the [ninety] day deadline is satisfied, it is satisfied for all time: there is no need for the [g]overnment also to file a civil forfeiture action within the [ninety] days to preserve its civil forfeiture option.").  Thus, Stegemann's arguments that this action is barred because it was not filed within ninety days of his various purported claims, (Dkt. No. 10 at 15-19), are without merit.[2]

---

[2] In his reply, Stegemann argues that even if the criminal indictment naming the property subject to forfeiture was timely filed, the government failed to "take the steps necessary to preserve its right to maintain custody of [the property] as provided in [18 U.S.C. § 853]," pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II). (Dkt. No. 29 at 5-6; Dkt. No. 30 at 2-3.)  Indeed, the government has thus far failed to convince the court that it took the proper steps to maintain custody of the property or that § 983(a)(3)(B)(ii)(II) is not implicated. (Dkt. No. 27 at 8-11.)  However, the court does not consider this argument because it was raised for the first time in his reply.  *See Keefe v. Shalala*, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995).  Stegemann is free to properly raise his argument in a response to the government's

Stegemann's argument that this action is barred by the applicable statute of limitations is also without merit. The government is required to file a civil forfeiture action "'within five years after the time when the alleged [forfeitable] offense was discovered.'" *In re 650 Fifth Ave. & Related Props.*, 830 F.3d 66, 96 (2d Cir. 2016) (quoting 19 U.S.C. § 1621). The proposed amended complaint alleges that the government first obtained information regarding the narcotics conspiracy "in or about the spring of 2012" and that the offense and their investigation of the same was ongoing. (Dkt. No. 20, Attach. 4 ¶ 12; Dkt. No. 27 at 12.) Accordingly, at this stage of the proceedings, it appears that the complaint was timely filed on March 17, 2017. (Dkt. No. 1.) Likewise, Stegemann's argument regarding lack of jurisdiction and improper venue are without merit for the reasons articulated by the government. (Dkt. No. 27 at 15-16.) Additionally, Stegemann's motion pursuant to Fed. R. Crim. P. 41(g) is denied as improper because the current civil forfeiture proceeding affords him an adequate remedy at law. *See De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006) (finding that Rule 41(g) provides "an equitable remedy that is available only

---

amended complaint, at which time the government will have the opportunity to more fully explain how 18 U.S.C. § 983(a)(3)(B)(ii)(II) was satisfied.

5

when there is no adequate remedy at law and the equities favor the exercise of jurisdiction").

The remaining portions of Stegemann's motion are denied because they prematurely relate to discovery issues, present factual questions that are improperly addressed at this stage, or do not convince the court that the complaint fails to state a cause of action. Nevertheless, the court must address the proper legal standard at this stage so as to dispel any confusion created by the government's mistaken reliance on the overruled conceivability standard from *Conley v. Gibson*, 355 U.S. 41 (1957). (Dkt. No. 27 at 17.)

To be sure, motions to dismiss *in rem* forfeiture actions are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules), and buttressed by the procedural framework provided by the Federal Rules of Civil Procedure. When considering a motion to dismiss under Rule 12(b)(6), the court considers "the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). "'[O]nly a complaint that states a *plausible* claim for relief survives a motion to dismiss."

6

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added). Additionally, under Rule G(2)(f), a forfeiture complaint must meet a heightened pleading requirement by stating "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." The complaint must also "state the circumstances from which the claim arises with such particularity that the defendant or Stegemann will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Supp. R. E(2)(a); *see* 18 U.S.C. § 983(a)(3)(A) (incorporating the Supplemental Rules into the statute governing filing of a civil forfeiture complaint). Moreover, "[n]o complaint may be dismissed on the ground that the [g]overnment did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D); *see* Supp. R. G(8)(b).

After carefully considering Stegemann's arguments, and reviewing the proposed amended complaint through the lens of the proper legal standard, the court is satisfied that the proposed amended complaint sufficiently states a claim. Moreover, Stegemann fails to demonstrate how the government's proposed amendments would be futile or unduly prejudice

7

him.  Instead, the government has sufficiently demonstrated that, given the early stage of these proceedings, its proposed amendment will not cause undue delay or prejudice, but merely conform the operative pleading with the position taken by the government in the related criminal action and provide a more complete record.  (Dkt. No. 20, Attach. 1 at 1; Attach 4.)  As such, the court grants the government's motion for leave to file the proposed amended complaint.  *See* Fed. R. Civ. P. 15(a).

Accordingly, it is hereby

**ORDERED** that Stegemann's motion to dismiss and for various forms of relief (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that the United States' motion for leave to file an amended complaint (Dkt. No 20) is **GRANTED**; and it is further

**ORDERED** that the United States is directed to file an amended complaint in compliance with this Summary Order on or before April 6, 2018; and it is further

**ORDERED** that, upon the filing of the amended complaint, Stegemann file a responsive pleading within the time allotted by the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the

parties.

**IT IS SO ORDERED.**

March 30, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge